# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1380V

| | |
|---|---|
| ANSEL WALTERS and SHAKIMA DAVIS-WALTERS, *natural parents of K.S.S.W.*, a minor, | UNPUBLISHED |
| Petitioner, | Special Master Katherine E. Oler |
| v. | Filed:  July 29, 2019 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Interim Attorneys' Fees and Costs |
| Respondent. | |

*Carol L. Gallagher*, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for Petitioner.
*Robert P. Coleman, III*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 16, 2015, Ansel Walters and Shakima Davis-Walters ("Petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of their child, K.S.S.W., alleging that he suffered from injuries, including encephalopathy, seizure disorder, and an epileptic condition as a result of the diphtheria, tetanus, and pertussis ("DTaP") vaccination he received on January 16, 2013.  Pet., ECF No. 1 at 1.

On February 12, 2019, Petitioners filed their initial application for interim attorneys' fees and costs, ECF No. 71, and an amended/corrected application was filed on July 18, 2019, requesting

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

a total of $130,329.20, *see* Fees App., ECF No. 83.

Respondent filed a response to Petitioner's application on July 25, 2019. Fees Resp., ECF No. 84. Respondent states that "[n]either the Vaccine Act nor Vaccine Rule 13 requires [R]espondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds that he "defers to [me] to determine whether or not petitioner has met the legal standard for an award of interim fees and costs" in this case. *Id.* at 2. Further, Respondent "leaves it to [my] discretion…to determine whether the statutory requirements for an award of fees and costs have been met in this case, particularly whether there is a reasonable basis for the claim." *Id.* Additionally, Respondent "recommends that [I] exercise [my] discretion regarding [P]etitioners' request for an interim award for attorneys' fees and costs." *Id.* at 3. Respondent did not raise any specific issue with respect to reasonable basis. *See generally* Fees Resp.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioners' application, awarding a total of **$129,081.40** in interim attorneys' fees and costs.

I.  **Legal Standard**

   *A. Interim Attorneys' Fees and Costs*

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health &*

*Human Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at \*5; *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588V, 2012 WL 1450520, at \*4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at \*2 Referring to *Avera*, Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. Good Faith and Reasonable Basis

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at \*1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at \*5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Human Servs.*, No. 09-276V, 2011 WL 2036976, at \*2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at \*1); *Turner*, 2007 WL 4410030, at \*5.

It is incumbent upon Petitioner to "affirmatively demonstrate a reasonable basis," which is an objective inquiry. *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 305 (2011); *Di Roma*, 1993 WL 496981, at \*1. When determining if a reasonable basis exists, many special masters and judges employ a totality of the circumstances test. The factors to be considered under this test may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Human Servs.*, No. 17-36V, 2018 WL 3032395, at \*7 (Fed. Cl. June 4, 2018). This "totality of the circumstances" approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at \*4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

A petitioner's counsel is expected to make a pre-filing inquiry into a claim to ensure that it has a reasonable basis. *See Turner*, 2007 WL 4410030, at \*6-7. Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Id*. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Human Servs.*, No. 14-804V, 2015 WL 12600336, at \*3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015). The evidence presented must be "sufficient to give the petitioner a reasonable expectation of establishing causation." *Bekiaris v. Sec'y of Health & Human Servs.*, No. 14-750V, 2018 WL 4908000, at \*6 (Fed. Cl. Spec. Mstr. Sep. 25, 2018). Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Id*.

The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis because the petitioner could not meet the burden of proof needed to establish reasonable basis." *Chuisano v. United States*, 116 Fed. Cl. 276, 286 (2014).  In rationalizing its decision, the *Chuisano* court highlighted the ruling in *Austin* as an example of a petition that minimally crossed the required evidentiary threshold. *Id*. at 292, citing *Austin v. Sec'y of Health and Human Servs.,* No. 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013).  In that case, the special master found reasonable basis where only a single notation by a medical provider linked the alleged injury to the vaccination. *Austin*, 2013 WL 659574, at *8.  Still, the Court in *Chuisano* emphasized the totality of circumstances test, and stated that "[a]n evidentiary standard may serve as an excellent guidepost in fee decisions, but it cannot serve as the bright-line threshold.  Such a rigid position is at variance with the flexible structure of the [V]accine [P]rogram." *Chuisano,* 116 Fed. Cl. 276 at 287.  While the statute does not define the standard for reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Id*.

## II. Discussion

### A. Undue Financial Hardship

An entitlement hearing in this case is currently scheduled for November, 2019.  Petitioners and their counsel will have been litigating this claim for more than four years.  Thus, I find it reasonable to award interim costs at this juncture to avoid any undue financial hardship.

### B. Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion.  *See* Fees Resp.  I find the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence.  In making a reasonable basis determination, I must look at a totality of the circumstances, taking into account the factual basis for the claim and the medical and scientific support offered.  Petitioners have filed extensive medical records in this case.  As Respondent concedes in his Rule 4(c) Report, some of the treating physicians make mention of the vaccination as preceding onset of the alleged injuries suggesting a possible causal link.  *See* ECF No. 9, Ex. 7A, at 556-558, 625.  Additionally, Petitioners have submitted an expert report in which Dr. Yuval Shafrir offers a medical opinion supporting Petitioners' theory and offering a potential mechanism for causation.  ECF No. 47, Ex. 35.  Dr. Shafrir's opinion appears to be supported by medical literature filed along with his report.

With respect to factual basis for the claim, Petitioners do not offer a novel theory.  DTaP-encephalopathy is a Table Injury, and a number of petitions, successful or otherwise, have previously been filed involving the DTaP vaccine and seizure disorders. *See, e.g., Bartosiewicz v. Sec'y of Health & Human Servs., No. 17-1988V, 2019 WL 2273777 (Fed. Cl. Apr. 9, 2019); Zumwalt on behalf of L.Z. v. Sec'y of Health & Human Servs.*, No. 16-994V, 2019 WL 1953739 (Fed. Cl. Mar. 21, 2019); *Sobczyk on behalf of I.S. v. Sec'y of Health & Human Servs.*, No. 18-917V, 2019 WL 1581424 (Fed. Cl. Mar. 18, 2019).

Special masters have previously held that "[a]lthough reasonable basis may exist in the early stages of a case, it can be lost as more information concerning the merits is obtained." *Austin* 2013 WL 659574, at *9. Based on the totality of the circumstances, however, I find that reasonable basis exists at this time.

As there is no other reason to deny the award of interim attorneys' fees and costs, I will award Petitioners' reasonable fees and costs in this instance.

### C. Attorneys' Fees

Petitioners request a total of $110,423.00 in attorneys' fees. Fees App. at 3.

#### i. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioners' counsel, Ms. Carol Gallagher, requests that she be compensated at the rates of $350.00 per hour for work performed in 2014-2016, $363.00 per hour for work performed in 2017, and $400.00 per hour for work performed in 2018-2019. *See* Fees App. These rates are consistent with what Ms. Gallagher has previously been awarded. *See e.g.*, *De Souza v. Sec'y of Health & Human Servs.*, 141 Fed. Cl. 338 (2018); *Rocha v. Sec'y of Health & Human Servs.*, No. 16-241V, 2019 WL 2406954 (Fed. Cl. Spec. Mstr. Apr. 30, 2019). Accordingly, I find the requested rates reasonable and no adjustment is warranted.

#### ii. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719 at 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Petitioners' counsel has provided a breakdown of hours billed and costs incurred. I find the hours to be largely reasonable, but a small reduction is necessary due to billing for what appears to be administrative tasks. *See* Fees App. Ms. Gallagher billed for review of CM/ECF notifications and speaking to, or "dictati[ng] to," her assistant. Fees App. Ex. A, ECF No. 83-1. I find that billing 0.1 hours, or six minutes, for each such review or tasking her assistant, is excessive. *Id*. at 7, 9-11, 14, 16, 18-19 (entries totaling 2.8 hours on 11/5/15, 11/16/15, 11/17/15, 11/18/15, 11/19/15, 11/24/15, 2/18/16, 3/2/16, 4/28/16, 5/3/16, 5/6/16, 5/31/16, 6/1/16, 6/14/16, 6/28/16, 7/1/16, 7/13/16, 8/30/16, 9/1/16, 1/11/17, 1/17/17, 3/20/17, 12/4/17, 12/5/17, and 6/14/18). Accordingly, I will reduce the amount of fees billed by Ms. Gallagher in 2015-2016 by 2.1 hours at $350/hour, or **$735.00**, in 2017 by 0.6 hours at $363/hour, or **$217.80**, and in 2018 by 0.1 hours at $400/hour, or **$40.00**.[4]

I award the following in attorneys' fees:

146.50 hours @ $350.00 per hour is $51,275.00 minus $735.00 = $50,540.00
91.00 hours @ $363.00 per hour is $33,033.00 minus $217.80 = $32,815.20
64.65 hours @ $400.00 per hour is $25,860 minus $40.00 = $25,820.00

Total attorneys' fees to be awarded: **$109,175.20**

### D. Reasonable Costs

Petitioner requests a total of $19,906.20 in costs, which includes obtaining medical records, postage costs, the Court's filing fee, and expert witness fees. Fees App. at 3. Of that total, $1,172.72 was paid by Ms. Gallagher and $1,900.00 was paid by Petitioners. *Id*. The remaining $16,833.48, which includes medical record charges and Dr. Shafrir's fee, is unpaid. *Id*.

i. Petitioners' expert costs

Petitioners request costs for the work performed by Dr. Yuval Shafrir as an expert in this

---

[4] In verifying the number of hours requested by Ms. Gallagher for each rate, I note minor errors in the totals. Based on the time records submitted, the total number of hours requested in 2014-2016 is 146.50, not 146.60, and in 2018-2019 is 64.65, not 65.20.

case. Dr. Shafrir billed at a rate of $350 per hour for a total of $17,447.50. Fees App. Ex. F, ECF No. 83-6. In examining his invoice entries and taking into account Dr. Shafrir's qualifications and expertise in the applicable field of study, I find Dr. Shafrir's requested rate to be appropriate and the number of hours expended to be reasonable. Accordingly, I will award Dr. Shafrir an hourly rate of $350 and award the total amount billed in full: the $1,500.00 retainer fee paid by Petitioners and the remaining $15,947.50.[5]

      ii. Miscellaneous costs

I have also reviewed all of the miscellaneous costs for which compensation is requested, including the supporting documentation, and I find them all to be reasonable. This includes the $1,172.72 in costs paid by Ms. Gallagher, the $400.00 filing fee paid by Petitioners, and $885.98 in unpaid medical record charges. They shall be reimbursed in full.

  **III. Conclusion**

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioners' application and award a total of **$129,081.40**, as follows:

1. A lump sum in the amount of **$127,181.40**, representing reimbursement of Petitioners' interim attorneys' fees and costs (including expert witness costs), in the form of a check jointly payable to Petitioners and their attorney, Carol L. Gallagher; and,

2. A lump sum in the amount of $**1,900.00**, representing reimbursement of Petitioners' out-of-pocket expenses, in the form of a check payable to Petitioners.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

Any questions regarding this Order may be directed to my law clerk, Ahmed Almudallal, by email at Ahmed_Almudallal@cfc.uscourts.gov.

  **IT IS SO ORDERED.**

                 **s/ Katherine E. Oler**
                 Katherine E. Oler
                 Special Master

---

[5] I note the total number of hours listed in Dr. Shafrir's invoice comes to 52.85 hours. However, the total billed ($17,447.50) corresponds to only 49.85 hours. I am awarding the total dollar amount billed.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.